
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOLANDA MADRY, an individual, | No.    19-35578 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00402-TSZ |
| v. | |
| KING COUNTY, a political subdivision for the State of Washington, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| KING COUNTY DEPARTMENT OF TRANSPORTATION, | |
| Defendant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted March 30, 2020[**]
Seattle, Washington

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

Yolanda Madry appeals the district court's order granting summary judgment in favor of the King County Department of Transportation ("King County") on her due-process claim brought under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Madry alleges that King County deprived her of due process by failing to provide her a hearing in which she could refute stigmatizing information contained in her publicly accessible termination letter. She seeks to hold King County liable under § 1983 for the purported constitutional violation by alleging that the county's failure to adequately train her supervisor to understand when an employee is entitled to a "'name-clearing' hearing" was the reason she was denied this right of due process. *See Cox v. Roskelley*, 359 F.3d 1105, 1110 (9th Cir. 2004).

In order to hold King County liable for the alleged constitutional violation, Madry must show that King County's training policies amounted to "deliberate indifference to the rights of persons with whom the untrained employees come into contact." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (cleaned up) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989)). To establish a municipality's deliberate indifference where a claim alleges a failure to train, "it is 'ordinarily necessary' for a plaintiff to demonstrate a 'pattern of similar constitutional

2

violations by untrained employees.'" *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 794 (9th Cir. 2016) (quoting *Connick*, 563 U.S. at 62). However, in a "rare" and "narrow range of circumstances," *Connick*, 563 U.S. at 63–64, a plaintiff may also demonstrate a municipality's deliberate indifference by showing that "'the unconstitutional consequences of failing to train' [were] '[so] patently obvious' and the violation of a protected right [was] a 'highly predictable consequence' of the decision not to train," *Kirkpatrick*, 843 F.3d at 794 (quoting *Connick*, 563 U.S. at 64).

Madry failed to demonstrate that King County was deliberately indifferent. She rests her argument on a misperceived deficiency in King County's Employee Rights and Due Process Manual ("Manual"). She argues that the Manual's "overly broad" description of *non*-stigmatizing information "could be considered" by a supervisor to encompass issues regarding an employee's honesty and ethics—categories of information this Court has previously determined to be stigmatizing. *See Tibbetts v. Kulongoski*, 567 F.3d 529, 536 (9th Cir. 2009). However, the Manual explicitly states that "[s]tigmatizing information is that which impairs the employee's reputation for *honesty or morality*." Thus, this evidence does not support Madry's argument that King County's training policies reflected deliberate indifference.

Because Madry points to no other evidence in the record tending to show that King County's training policies reflected a deliberate indifference towards the due-process rights of its employees, her due-process claim fails as a matter of law.

**AFFIRMED.**